IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CHARLES E. COOLEY, #230863,           :

     Plaintiff,                           :

vs.                                   :    CIVIL ACTION 20-0568-TFM-MU

SEDRICK S. WOODGET,                   :

     Defendant.                           :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983.  This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), is recommended to be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff is presently incarcerated at St. Clair Correctional Facility in Springville, Alabama, which is in the Northern District of Alabama.  He sues as the only Defendant Sedrick S. Woodget, an officer at Elmore Correctional Facility in the Middle District of Alabama.  (Doc. 1 at 5 PageID.5).  Plaintiff claims that after Defendant Woodget loudly stated that no one had time to play with Plaintiff, he threw a 250-pound iron bench at Plaintiff striking and fracturing Plaintiff's left lower leg.  (*Id.* at 13, PageID.13).  Later, Defendant Woodget was one of the officers who transferred Plaintiff to Kilby Correctional Facility and told the nurse at Kilby that nothing was wrong with Plaintiff.

(*Id.*).  Plaintiff further claims that he was transferred without his property, which he lists. (*Id.* at 9, PageID.9).  Thus, based on the face of the complaint, no connection exists to the Southern District of Alabama in this action, and this action should proceed elsewhere.

A § 1983 action may be brought in

> (1) *a judicial district in which any defendant resides*, if all defendants are residents of the State in which the district is located;
>
> (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2011) (emphases added); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a)(1996); *see Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011); *Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010), *cert. denied,* 562 U.S. 1250 (2011).

In the present action, because no connection to this district exists on the face of the complaint, venue is lacking in the Southern District of Alabama.  Considering that Defendant Woodget is located in the Middle District, and the complained of incident

occurred in the Middle District, it appears the Middle District would a proper and convenient district for Plaintiff's action to proceed.  In light of Plaintiff's *pro se* status, it is recommended, in the interest of justice, that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

      **DONE** and **ORDERED** this 17th day of December, 2020.

               /s/ P. BRADLEY MURRAY
               **UNITED STATES MAGISTRATE JUDGE**